## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| HARCOL RESEARCH, LLC | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO.  2:14-cv-809 |
| | § | |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| VITACOST.COM, INC., | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Harcol Research, LLC ("Plaintiff") hereby alleges for its Complaint against Vitacost.com, Inc. ("Defendant"), on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

### I.     THE PARTIES

1.     Plaintiff is a limited liability company organized and existing under the laws of Nevada, with a principal place of business at 5935 Old Bullard Road, Suite 207 in Tyler, Texas, 75703.

2.     Plaintiff is the owner and assignee of United States Patent No. 5,817,364 ("the '364 patent") titled "Beverage Containing Alpha-Ketoglutaric Acid and Method of Making." Plaintiff has owned the '364 patent during at least a portion of the period of the Defendant's infringing acts and still owns the patent.

3.     Defendant is a company organized and existing under the laws of Delaware with a place of business at 5400 Broken Sound Boulevard Northwest in Boca Raton, Florida, 33487.

### II.     JURISDICTION AND VENUE

4.     This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.

5.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

6.      This Court has personal jurisdiction over Defendant.  Defendant, as a distributor of nutritional supplement products, directly or through intermediaries (including other distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises nutritional supplement products in the United States, the State of Texas, and the Eastern District of Texas.

7.      Defendant has purposefully and voluntarily placed the nutritional products it distributes into the stream of commerce with the expectation that they will be purchased in the Eastern District of Texas, and they are actually sold and purchased in this District.

## III.    THE DEFENDANT'S INFRINGEMENTS

8.      Defendant makes, manufacturers, ships, distributes, offers for sale, sells, and advertises nutritional supplement products, including without limitation ARO-Vitacost Black Series Pre-Workout Concentrate, Black Powder (MRI), NO2 Ripcuts (MRI), Endorush (BSN), and N.O.-Xplode (including Advanced Strength, Caffeine Free, and Igniter Shot) (BSN).

9.      Defendant has infringed and is still infringing one or more claims of the '364 patent by making, manufacturing using, selling, and offering for sale nutritional supplement products that embody the patented invention, which products are referred to herein as the "accused products."  For example, Defendant describes its beverage as an "energy blend" and instructs users to mix one scoop of ARO-Vitacost Black Series Pre-Workout Concentrate (which contains 0.21% wet weight of Alpha-Ketoglutarate (in an Arginine Alpha-Ketoglutate 1:1 blend) with 8 oz. water before an individual's workout so that individual can "[t]rain harder with ARO™ Pre-Workout Concentrate—an exclusive, new pre-workout formula formulated by athletes for athletes, delivering aminos, standardized herbal extracts, creatine and caffeine to help you power through stronger and reach your fitness and body-sculpting goals."  *See* Exhibit A (screen shot of http://www.vitacost.com/aro-vitacost-black-series-pre-workout-concentrate-natural-fruit-punch).  Defendant also advertises MRI NO2 RIPCUTS™, which contains 9.4% dry weight of AKG in a serving of 12.1g (which equates to 0.48% wet weight in the suggested 8 oz. beverage).  The advertising explains that MRI NO2 RIPCUTS™ is useful for "explosive fat

to energy conversion." *See* Exhibit B (screen shot of http://www.vitacost.com/mri-no2-ripcuts-cellular-fat-burn). .

10.     Defendant has knowledge of the '364 patent, though the earliest exact date Defendant obtained knowledge of the '364 patent is within the exclusive possession and control of Defendant.

11.     Upon information and belief, Defendant had actual, first-hand knowledge of the '364 patent as early as the time Defendant began selling each of the accused products.  For example and upon information and belief, Defendant employs and engages sophisticated, experienced legal counsel with expertise in patent law, and Defendant, through its counsel, conducts or should conduct due diligence on the potential for the products sold by Defendant to infringe on patents and knew or should have known that the accused products actually infringe or could infringe on the '364 patent, but Defendant decided to infringe the patents anyway or ignored the risk of infringement.

12.     In the alternative and upon information and belief, Defendant subjectively believed at the time Defendant began selling the accused products that there is or was a high probability of the fact that a patent covering alpha-ketoglutaric acid as in the '364 patent existed and that Defendant took deliberate actions to avoid confirming that fact, including not conducting due diligence as to potential patent infringements, and that Defendant therefore willfully blinded itself to the infringing nature of its sales of the accused products.

13.     In the alternative and upon information and belief, Defendant knew of the '364 patent after companies selling infringing products through Defendant's retail website were notified of the patent and, in turn, informed Defendant of the patent and lawsuits filed by Plaintiff.  For instance, the denial by the United States Patent & Trademark Office of one such company's (USP Labs) petition for Inter Partes Review seeking to challenge the validity of the '364 patent was, or should have been, communicated to Defendant by USP Labs in or around November 2013.

14.     At a minimum and in the alternative, Defendant became aware of the '364 patent prior to the filing of this Complaint, when Plaintiff notified Defendant of the patent's existence and the alleged infringing acts.

## IV.     FIRST CAUSE OF ACTION

### Infringement of U.S. Patent No. 5,817,364

15.     Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

16.     Defendant has in the past and still is literally and directly infringing or directly infringing under the doctrine of equivalents one or more claims of the '364 patent by making, manufacturing, using, selling, and offering for sale the accused products, all of which embody the patented invention, and will continue to do so unless enjoined by this Court.

17.     Defendant's activities have been without express or implied license by Plaintiff.

18.     As a result of Defendant's acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proved at trial.

19.     As a result of Defendant's acts of infringement, Plaintiff has been and will continue to be irreparably harmed by Defendant's infringements, which will continue unless Defendant is enjoined by this Court.

20.     Defendant's past infringement and/or continuing infringement has been deliberate and willful, and this case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees in accordance with 35 U.S.C. § 285.

## V.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of judgment against Defendant as follows:

1.     A declaration that Defendant has infringed one or more claims of the '364 patent under 35 U.S.C. §§ 271 *et seq.*;

2.     That injunctions, preliminary and permanent, be issued by this Court restraining Defendant, its respective officers, agents, servants, directors, and employees, and all persons in active concert or participation with each, from infringing the '364 patent;

3.      That Defendant be required to provide to Plaintiff an accounting of all gains, profits, and advantages derived by Defendant's infringement of the '364 patent, and that Plaintiff be awarded damages adequate to compensate Plaintiff for the wrongful infringing acts by Defendant, in accordance with 35 U.S.C. § 284;

4.      That: (a) injunctions, preliminary and permanent, be issued by this Court restraining Defendant, its respective officers, agents, servants, directors, and employees, and all persons in active concert or participation with each, from indirectly infringing the '364 patent; (b) Defendant be required to provide to Plaintiff an accounting of all gains, profits, and advantages derived by Defendant's indirect infringement of the '364 patent; (c) Plaintiff be awarded damages adequate to compensate Plaintiff for the wrongful infringing acts by Defendant, in accordance with 35 U.S.C. § 284; and (d) the damages awarded to Plaintiff with regard to the '364 patent be increased up to three times, in view of Defendant's willful infringement, in accordance with 35 U.S.C. § 284;

5.      That this case be declared to be exceptional in favor of Plaintiff under 35 U.S.C. § 285, and that Plaintiff be awarded its reasonable attorneys' fees and other expenses incurred in connection with this action;

6.      That Plaintiff be awarded its interest and costs of suit incurred in this action;

7.      Compensatory damages;

8.      Punitive damages; and

9.      That Plaintiff be awarded such other and further relief as this Court may deem just and proper.

Dated:  August 4, 2014

Respectfully Submitted,

By:  /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
**THE DAVIS FIRM, PC**
222 N. Fredonia Street
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
Email:  bdavis@bdavisfirm.com

**ATTORNEYS FOR PLAINTIFF**
**HARCOL RESEARCH, LLC**